REIDUN STRØMSHEIM # 104938
ELIZABETH MURPHY # 203340
STROMSHEIM & ASSOCIATES
353 Sacramento Street, Suite 860
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
emurphy@stromsheim.com

Attorneys for Trustee,
LOIS I. BRADY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 01-45924 TD |
| MEDIA GROUP, Inc. | Chapter 7 |
| Tax I.D.. 94-3222949 | Date: August 18, 2005<br>Time: 2:00 p.m. |
| Debtor | Place: 1300 Clay Street, Ctrm. 201<br>Oakland, CA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF DAMAGES AGAINST LINDA SHAO AND LAW OFFICES OF LINDA SHAO, A PROFESSIONAL LAW CORPORATION**

TO THE HONORABLE LESLIE TCHAIKOVSKY, UNITED STATES BANKRUPTCY JUDGE, AND LINDA SHAO AND THE LAW OFFICES OF LINDA SHAO, A PROFESSIONAL LAW CORPORATION:

Lois I. Brady ("Trustee"), trustee of the above named bankruptcy estate of Media Group, Inc. ("the Debtor"), respectfully requests that an order be issued against Linda Shao and the Law Office of Linda Shao, A Professional Law Corporation ("Shao") awarding damages in the amount of $29,062.50 (and other sums according to proof resulting from the preparation of this motion) to the above bankruptcy estate for the attorney fees incurred to defend against the subpoena issued to the Trustee and Trustee's counsel by Shao in Santa Clara County Superior Court Case No. CV-803254, <u>Law Offices of Linda Shao, APLC v. Chan et al.</u> (the "State Court Action") without first obtaining leave of the bankruptcy court as required by the Barton Doctrine.

# STATEMENT OF FACTS

A voluntary petition for relief under Chapter 11 of Title 11 of the United States Code was filed by Media Group, Inc. ("Debtor"), a California Corporation, on November 5, 2001. The case was converted to Chapter 7 on October 25, 2002. Lois I Brady is the duly appointed, qualified and acting trustee of the Debtor's estate.

The complaint initiating the State Court Action was filed on November 20, 2001 and alleged seven causes of action against the former employees of the Debtor and Far East National Bank relating to an alleged breach of the fee agreement entered into between Shao and the Debtor. On May 4, 2004, a subpoena was issued against the Trustee's counsel, Reidun Stromsheim, compelling her attendance at a deposition to be held on May 19, 2004 at the Law Offices of Linda Shao. The subpoena also sought the discovery of the documents of the Trustee in the administration of the estate. For example, it sought documents about the adversary proceeding filed by the Trustee against Linda Shao (Brady v. Shao1, AP: No. 02-7320 AT) and documents relating to the prepetition Chapter 11 retainer of Campeau, Goodsell & Diemer. It also sought information about the Trustee's communications with the representatives of the Debtor. A copy of the subpoena is attached as Exhibit "A" to the Declaration of Elizabeth Murphy ("Murphy Declaration"), filed herewith.

At the conversion of the bankruptcy case to Chapter 7, Ms. Shao previously tried to subpoena the bankruptcy estate in order to gain access to its books and records. At the time, the Trustee through Reidun Stromsheim turned aside the attempt to use process of another court against the bankruptcy estate, informing Ms. Shao of the impropriety of that action. See Stromsheim Declaration, filed herewith. Instead, the Trustee gave Ms. Shao reasonable access to the books and records of the corporate Debtor.

When the May 4, 2004 subpoena against Reidun Stromsheim was received, its content rendered suspect the intentions of Shao: it appeared from the subject matters covered, and the quantity of documents required, that the intention was to examine the bankruptcy administration, and cause interference and expense, imposing some kind of vengeance acting out Shao's displeasure with the bankruptcy case personnel, through use of the process of another Court and

without leave of the appointing court.

One of the major subject matters of the subpoena was Shao's "concern" with the prepetition retainer received by the attorneys for the debtor-in-possession, and Shao's demand that the Trustee take action against those attorneys. The Trustee had already provided a response sufficient to the circumstances, but the deposition and document production appeared to be a means for Shao's acting out her displeasure at the Trustee's not doing her bidding. Copies of correspondence relating to Shao's inquiries are attached to the Murphy Declaration as Exhibit "B". Another major subject matter was the Brady v. Shao1 adversary proceeding, in connection with which Shao appeared to be pursuing her perceived grievance with Trustee's counsel by another avenue. The other major subject matter, requiring examination of all communications with the officers of the Debtor, was being pursued by Shao as if justified by Shao's imagination of a conspiracy of the Trustee's counsel with those officers.

Before filing the Complaint commencing the adversary proceeding, Brady v. Linda Shao and the Law Office of Linda Shao, No. 04-4153, seeking injunctive relief and damages, the Trustee, through counsel, called upon Shao to comply with the law and withdraw the subpoena. Without volunteering to cooperate with harassment, the Trustee nevertheless offered to consider any legitimate inquiry if posed by Shao without State Court compulsion. And the Trustee suggested that Shao delay the targeted deposition and document production sufficiently to permit the dispute about its propriety to be resolved by the Bankruptcy Court in an appropriate manner and without emergency timing. See letter dated May 7, 2004 attached as Exhibit "C" to the Murphy Declaration and letter dated May 10, 2004 attached as Exhibit "D" to the Murphy Declaration. Nevertheless, Shao repeatedly refused to abate her improper actions; repeatedly, kept the pressure on, taking the position that discovery was compelled by the State Court subpoena; and repeatedly refused to acknowledge the prohibition against using the process of another court without leave of the appointing court by challenging the Trustee's temporary restraining order, preliminary injunction and request for a permanent injunction. Whereas if Shao had accepted the restrictions on her behavior and had behaved accordingly in the meantime, she still could have proceeded with her motion for leave of Court. As a result of the actions of Ms.

STROMSHEIM & ASSOCIATES

Shao and the Law Office of Linda Shao, the estate has been damaged in the amount of $29,062.50 (and other sums according to proof resulting from the preparation of this motion). A copy of the Timesheet Report relating to the injunction action is attached to the Murphy Declaration as Exhibit "E".

## ARGUMENT

The Trustee has suffered damages because of Shao's violation of duties not to use the process of another court against the officers of this bankruptcy estate without prior leave of this Court, in that the Trustee has been required to incur legal expenses in attempting to obtain the cooperation of Shao with legal duties, and has been required to file and prosecute an adversary proceeding to obtain a temporary restraining order, a preliminary injunction, and permanent injunction in order to prevent Shao from persisting with violations. These legal efforts were required on account of Shao's refusal to cease and desist from the behavior complained of. 11 U.S.C. § 105(a) provides for the award of damages in the form of costs and attorneys fees for ordinary civil contempt. See In re Pace, 67 F.3d 187, 193 (9th Cir. 1995). A Trustee is entitled to recover damages pursuant to 11 U.S.C. § 105(a) when he or she is forced to defend against actions taken against the Trustee or Trustee's counsel in a non-bankruptcy forum without first obtaining leave of the Bankruptcy Court as required by the Barton Doctrine. See In re DeLorean Motor Co., 991 F.2d 1236, 1241 (6th Cir. 1993). Contempt sanctions for violation of the Barton Doctrine pursuant to 11 U.S.C. § 105(a) are similar to sanctions awarded to the Trustee for wilful violation of the automatic stay. To find a party in civil contempt, the moving party has the burden of showing by clear and convincing evidence that the contemnor violated a specific order of the court. See In re Dyer, 322 F.3d 1178, 1191 (9th Cir. 2003) "In determining whether the contemnor violated the stay, the focus 'is not on the subjective beliefs or intent of the contemnors in complying with the order, but whether in fact their conduct complied with the order at issue.'" Id. (citations omitted). The Ninth Circuit as defined willful violation:

> '[W]illful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.

Id. (citations omitted).

Here, Shao knew that she was required to obtain leave of court before proceeding against the Trustee's counsel using the state court process prior to the filing of the application for a TRO and the injunction complaint when Trustee's counsel sent her letters outlining this requirement and the applicable caselaw. <u>See</u> Exhibits C & D. She therefore had the requisite knowledge soon after the subpoena was served, but she proceeded without regard to her legal duties.

Not only was Shao's actions improper since she did not first obtain leave of court, but her actions were improper because she was using the State Court Action as a means to investigate the administration of the bankruptcy estate. A principal point that was discussed at length previously, including at the prior hearings in the injunction action, is what is the scope of Shao's intended discovery through State Court process. Shao claimed that the information and documents that were requested were material to the State Court Action. But instead, it was fairly obvious from the beginning that the major, if not only, thrust of Shao's inquiry was for documents and information that relate to the administration of the bankruptcy estate. This was evident on the face of the subpoena in question. Shao also admitted this by statements made in her pleadings. For instance, in her opposition to the Trustee's request for injunctive relief, she stated that "Defendant as an unsecured creditor in this case, has interest in how that trust is being managed and is thus entitled to the trustee's documents." <u>See</u> MPA In Support of Defendants' Opposition To Plaintiff's Ex Parte Motion For TRO And In Support Of Defendants' Counter Motion To Disqualify Trustee And Her Attorney, p. 6, lines 8-9. Further evidence of Shao's intent is shown by the fact that she brought a motion to disqualify the Trustee at the same time that the Trustee was seeking injunctive relief.

The subpoena against Reidun Stromsheim was issued after Ms. Shao took the depositions of the former officers of the Debtor, Iling Chiang and Jeff Chiou, who were defendants in the State Court Action. Ms. Shao claimed that statements made during these depositions supported a potential claim for malicious prosecution against Iling Chiang, and possibly the Trustee and her attorney, and mismanagement of estate assets. The deposition testimony however did not support Shao's claims. Shao misrepresented the testimony given at the Chiang and Chiou depositions and

took it out of context in an attempt to support her claims. Shao has also misrepresented the content of a state court CMC questionnaire to support her claims. A detailed discussion about these misrepresentations is found in the Trustee's Memorandum of Points and Authorities In Opposition to Defendants' Motion For Leave of Court To Take Deposition of Reidun Stromsheim and In Support of Cross Motion For Partial Summary Judgment On Trustee's Claims for Permanent Injunction at pp.9-12 filed June 16, 2004. Aside from the fact that these misrepresentations violated her duty of candor to the Court, they resulted in the unnecessary litigation that caused the estate the additional expense of having to obtain injunctive relief against the Shao subpoena. Furthermore, there is some evidence that the Shao subpoena arose because of Linda Shao's frustration at not being successful in an attempt to manipulate the Trustee to take action against the Debtor's Chapter 11 counsel. See Exhibit B.

There remains at this point little reason to deny the Trustee's request for damages. Shao was wrong in attempting to examine the bankruptcy administration through a deposition in the State Court Action. The Trustee had to sue to stop the behavior. Shao continued to resist even that adjudication, forcing the Trustee to proceed to extend her preliminary injunction and to seek a permanent injunction. Even though Shao filed a motion for leave to sue, that does not erase her prior violative actions and the damages caused by those actions.

Shao is a creditor who more than likely will not receive distribution on her claim because of high priority claims that come ahead of her in the statutory scheme. Yet she has placed immense burdens on the administration of the estate, to the great harm of its true constituents. Shao failed to make any case for even the smallest bit of leave of Court to proceed against the Trustee or Stromsheim in the State Court Action. Shao's actions boil down to harassment and waste, and the estate's creditors should not have bear the loss from these actions.

//
//
//
//
//

WHEREFORE the Trustee respectfully requests an order awarding damages against Linda Shao and the Law Office of Linda Shao, A Professional Law Corporation in the amount of $29,062.50 (and other sums according to proof resulting from the preparation of this motion) and an order directing Linda Shao and the Law Office of Linda Shao, A Professional Law Corporation to immediately pay this amount to the above estate.

DATED: This 21st day of July, 2005.

STROMSHEIM & ASSOCIATES

/s/Elizabeth Murphy
_____
ELIZABETH MURPHY
Attorneys for Trustee,
LOIS I. BRADY, TRUSTEE