Linda Shao, Esq. (SBN 182768)
Law Offices of Linda Shao
A Professional Law Corporation
20380 Town Center Lane, Suite 218
Cupertino, CA 95014

Telephone: (408) 873-3888
Facsimile No. (408) 873-3889

Attorney for Law Offices of Linda Shao, APLC and in pro per

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>MEDIA GROUP, INC.<br><br>Debtor. | Case No. 01-45924 TD<br>Chapter 7<br><br>**OPPOSITION TO TRUSTEE'S MOTION FOR AWARD OF DAMAGES AGAINST LINDA SHAO AND LAW OFFICES OF LINDA SHAO, A PROFESSIONAL LAW CORPORATION**<br><br>Date: October 6, 2005<br>Time: 2:00 p.m.<br>Room 201 |

I.  INTRODUCTION

This motion brought by Trustee is apparently a retaliation against Linda Shao and her firm ("Shao") for being affirmed for this court's sanction for Rule 9011 violation by Trustee after her appeal, and having to go through investigation by U.S. Trustee's Office for her own misconducts. In doing this, Trustee neglected her duty to preserve the assets of the estate and persisted on wantonly wasted the assets of the estate. Trustee also neglected how she and her attorney have harassed and damaged Shao by filing the first adversary

proceeding against Shao. Her first adversary proceeding caused Shao to expand about $20,000 fees and costs and her appeal caused Shao to expand another about $14,000 fees and costs. (Declaration of Linda Shao supporting Motion for Sanction filed on October 13, 2004)

Shao issued a subpoena upon Trustee's attorney, not upon Trustee, as a percipient witness, not for the purpose of investigation over the Trustee. Trustee's attorney never informed Shao that they may present the documents requested in the subpoena for Shao to copy, as what the court ruled on June 30, 2004. (See Transcript of June 30, 2004)

On May 7, 2004 late afternoon of Friday, Trustee's attorney faxed a letter to Shao. The letter did not mention Trustee would file for a TRO. (Declaration of Stromsheim, Exhibit C) The letter only asked Shao to withdraw. Her office never called Shao about whether Shao received the letter or not.

On the next business day, May 10, 2004, Monday, Trustee's attorney could not wait to file the TRO. She faxed her letter of May 10, 2004 as shown in EXHIBIT D to Shao at about 4:00 p.m. even though she had filed the TRO at that time. Then, Trustee's attorney faxed the TRO to Shao after 7:00 p.m. of May 10. (Please see Declaration of Linda Shao opposing the TRO filed on about May 13, 2004.) The moving paper specifically hid the important fact from the court: Trustee's attorney filed for a TRO without a proper notice or warning to Shao, where there was no urgency that the TRO could not be waited by one day to May 11 as the deposition time was originally on May 19 and later agreed to

May 27. Trustee would attached a fax transmission log to May 7's letter in her Exhibit C but not to May 10's letter, as Trustee's attorney intended to hide this fact from the court.

A new Adversary Proceeding No. 04-04153 was filed with the court **WITHOUT A SUMMON.** Thus, at the time the TRO was filed and faxed, Shao was not served with a Summon.

Trustee's attorney alleged an **absolute immunity** in making the TRO. The court, in ruling that Shao should request leave of the court to take deposition of Trustee's attorney before issuing subpoena, stated that there is argument whether Trustee's attorney may have any sort of immunity and that there is no absolute immunity as alleged by Trustee. Shao followed the court's instruction and immediately filed and served the motion for leave to take deposition of Reidum Stromsheim on May 13, 2004. The issue then became moot. Simultaneously with the filing of the motion, Shao filed a motion to disqualify trustee based on trustee's numerous misconducts that affected her including but not limited to trustee's attorney's failure to respond to her request for inspection of Media Group's bank statements.

Even though the court had instructed that the issue for maintaining the second adversary proceeding may be moot, Trustee's attorney persisted on maintaining it. This situation was the same as what happened in the first adversary proceeding against Shao. In the first frivolous adversary proceeding filed by Trustee against Shao, the court stated in May 2003 that Shao did not violate automatic stay in reducing Trustee's fee application by about $4,000.

Despite of the court's comments, Trustee's attorney maintained the first adversary proceeding in violation of Rule 12, which forced Shao to file Rule 11.

On June 30, 2004 when the court deny Shao's motion to disqualify Trustee and Trustee's attorney for procedural defect, the court commented that an OSC should be issued if Scott Goodsale did not apply for fee within a certain period of time. However, Ms. Stromsheim did not follow the court's instruction and did not make an application for OSC at all. Up to today, Shao has not received any notice if Scott Goodsale ever filed such application.

Based on Trustee's attorney's second Rule 12 violation, Shao filed for a motion to dismiss on June 14, 2004 which was granted by the court on November 18, 2004. Shao did not do Rule 11 motion. Trustee's attorney's persistence on maintaining the moot adversary proceeding and asking unreasonable overbroad injunctive relief in the proceeding caused Shao to suffer damages of about $20,000. Trustee's attorney's harassment by the two proceedings have caused Shao to suffer about $60,000.

The transcript of November 18, 2004 showed the following:

> "        MS. SHAO: Your Honor, if I may. I have summarized -- the issue is already moot because I did seek the Court's approval, even though the Court denied it, but I did try to file a motion to seek the Court's approval according to the Court's injunction, and it also corresponds to the Court's tentative ruling issued on June 30th. And I already presented to the Court some relevant pages of that transcript.

Number two reason that this motion should be denied was because the Trustee failed to show that she elected an adequate remedy at law. Since the Court already denied my motion for leave to take deposition, there is already a legal remedy. I must be bound by the Court order and I won't do anything beyond, you know, in contempt of the Court's order. There's already remedy at law. You know because there's adequate remedy at law, this motion for permanent injunction, for summary judgment, should be denied.

Number three, the Trustee failed to show she would likely suffer irreparable harm should the injunction not be granted. And number four reason that this motion should be denied is because the Trustee's request for absolute and complete injunctive relief is overbroad and not appropriate.

Therefore -- and the Court also has authority to request dismissal to make a process where there is summary judgment for our side because there's really -- the issue for the whole complaint is already moot.

Thank you, Your Honor.

THE COURT: Okay. Ms. Shao's memory is the same as mine that I ruled that she had to file a motion and get leave of Court to depose either you or the Trustee.

MS. STROMSHEIM: Yes.

THE COURT: And that she did file one and I denied it. So --

MS. STROMSHEIM: All right. I was not aware -- I had -- and we talked about it at the office, it had not -- it was not clear to us that that motion had been denied. It was our belief that after that, there were more pleadings that were going to be filed by Ms. Shao so that the issue remained undecided.

THE COURT: I believe it's been decided and I think --

MS. STROMSHEIM: If that has been decided,

that that motion is denied, then **the only issue that remains are the damages to the estate against Ms. Shao for having violated the automatic stay by going forward with the notice of the depositions in the first place.**

**THE COURT: Did I rule that she had violated the automatic stay by doing that?**

**MS. STROMSHEIM: There has not been a** --

THE COURT: Did you file a motion for damages, or is that included as a claim in the complaint?

MS. STROMSHEIM: It is included as an element of the complaint, Your Honor.

THE COURT: Okay. So not just the issue of damages, but whether by noticing the deposition she did violate the automatic stay.

MS. STROMSHEIM: That's right. That's right.

THE COURT: And is that part of your motion for summary judgment?

MS. STROMSHEIM: No, Your Honor.

THE COURT: Okay.

MS. STROMSHEIM: No. The summary judgment was only on the injunction. It was partial summary judgment.

THE COURT: Okay. So how do you wish to proceed on that?

MS. STROMSHEIM: I believe that it is something that we could -- in the status conference, we had a statement -- we had said that we could ask to have it set for trial. However, I do believe that is something that could be submitted on the papers.

THE COURT: I would think so as well. It seems to me that **the first threshold question is whether by noticing those depositions, she violated the automatic stay.**

**MS. STROMSHEIM: Yes.**

**THE COURT: And if I conclude that she does,**

    **then you could file something that shows your damages.**
      **MS. STROMSHEIM: Exactly.**
      **THE COURT: If I conclude that it didn't,**
    **then you would have saved some time --**
      **MS. STROMSHEIM: That's right.**
    ....
      THE COURT: Ms. Stromsheim is saying there is still one issue that she would like resolved that's part of the complaint, and that is she alleges in the complaint that by noticing her deposition, you violated the stay and the estate is entitled to damages. I suggested that we set a briefing schedule for just the issue of whether in fact it was a violation of the automatic stay for you to notice the deposition without first seeking leave of Court. And so I was just soliciting your opinion about whether that made sense.
      MS. SHAO: Oh. I don't think that makes sense, but I would defer to Your Honor's decision. The reason why I don't think that makes sense because this is the first time I heard about the issue raised by the Trustee as to all these -- that I ever violated the automatic stay, which was not mentioned in the complaint at all that --
      **THE COURT: Well, if it's not mentioned in the complaint, then it may not be proper.** Ms. Stromsheim told me that it was in the complaint. Can I see the file, please?
    .....
    MS. STROMSHEIM: I think I have number one here. Okay. No. 5 -- this is a complaint -- it's titled "Complaint for Injunctive Relief," and then first claim for relief, "Injunctive Relief and Damage under 11 U.S.C. Section 105."
      **THE COURT: Oh, not 362, 105.**
      **MS. STROMSHEIM: That's right, 105. That's right.**
      **THE COURT: So not violation of the stay.**
      MS. STROMSHEIM: That's right."
  (Transcript 7:2-9:10)
As shown in the transcript of November 18, 2004, the court instructed Ms. Stromsheim that if there is no violation of stay

Case No. 01-45924 TD Chapter 7;Opposition to Motion for fees and costs

- 7 -

by Shao then there is no need for a motion for damages. The court did not make any briefing schedule in response to Ms. Stromsheim's asking for ruling on monetary damages for the reason that the court found the request was improper as Ms. Stromsheim did not allege 362 violation in the complaint for the second adversary proceeding. The court dismiss the complaint in considering Shao's motion to dismiss based on Rule 12.

On or about July 21, 2005, eight (8) months after the court's dismissal of the second complaint.

## II. LAW AND ARGUMENT

### A. TRUSTEE FAILED TO PROVIDE ANY AUTHORITY TO WARRANT THIS MOTION

The court already stated that the proper basis for this motion should be 362, not 105, if Shao did violate automatic stay in issuing the subpoena upon Trustee. (Shao actually issued subpoena upon Trustee as a percipient witness.)

Contempt sanctions under 11 USC 105(a) are similar to those awarded for a willful violation of the automatic stay. To find a party in civil contempt, the moving party must show by clear and convincing evidence that the contemnor violated a specific order of the court. In re Dyer, 322 F.3d 1178, 1191 (9th Cir. 2003). There was no such order mentioned in the complaint. There was no proof of intention or malice or any proof that Shao would due Trustee's attorney. There was no clear authority in this circuit that trustee's attorney has the same immunity as the trustee.

There was no authority ever provided by Trustee for Trustee's defending a motion against her which was filed without a violation of Rule 11 entirely in this court.

### B. THE COURT HAS RULED THAT THERE WAS NO GROUND FOR TRUSTEE TO

**FILE A MOTION FOR ATTORNEYS FEES AND COSTS BASED ON SECTION 105 AND INSTRUCTED MS. STROMSHEIM TO SAVE HER TIME ON THIS MOTION as shown in the transcript exerted above in the Introduction portion of this Opposition.**

C. **TRUSTEE'S COMPLAINT WAS DISMISSED SUCH THAT SHE IS NOT ENTITLED TO FILE THIS MOTION BASED ON 105 AT A TIME EIGHT MONTHS LATER**

D. **TRUSTEE SHOULD NOT BE AWARDED THE FEES AND COSTS AS SHE REQUESTED**

1. **Trustee's permissible scope of fees if justified is restricted to the time occurred after noticing Shao and before Shao served the motion for leave of the court to take deposition of Stromsheim.**

Once Shao sought leave of the bankruptcy court Shao was following proper procedure and subsequent damages requested are not warranted. Ms. Stromsheim seems to admit this in her brief (6:16-:17): "Even though Shao filed a motion for leave to sue, that does not erase her *prior* violative actions and the damages caused by those actions" (*emphasis added*). Since the vast majority of the $29k damages claimed by Stromsheim accrued *after* we filed our motion for leave of court (about $24,551), she should not be entitled to the damages as requested.

Since Shao was not given notice of Stromsheim's objection until May 7, 2004, Shao could not be held responsible for any fees and costs occurred before that time, either.

2. **Trustee's motion was done without any prior warning or notice and was made before a Summon was filed.**

Before Trustee filed with the court of the TRO and complaint (without a Summon), Shao was never made known to what the Trustee would be doing. The alleged only one notice was embodied in Exhibit D, a letter of May 10 to Shao which was not faxed to Shao until the time the TRO and Complaint were already file with the

Case No. 01-45924 TD Chapter 7;Opposition to Motion for fees and costs

- 9 -

court. Trustee specifically held the court papers from serving until 7:00 p.m. on May 10. The first complaint about the subpoena was made only in the late afternoon of the preceding Friday, May 7. Thus, it is grossly unfair to charge Shao the fees for Trustee's filing of the TRO and Complaint. Thus, Trustee should not be entitled to an award.

### 3. **Trustee's unclean hands caused Shao more damages**

Trustee wrongfully maintained the motion and complaint in violation of Rule 12 despite of the court's advice that the issue has become moot when Shao filed for a motion for leave of the court to take deposition of the Trustee's attorney. In the first adversary proceeding against Shao, Trustee had already violated Rule 12 and be sanctioned under Rule 11. While Trustee spent about $25k after May 13, 2004, Trustee should expect Shao to expand at least a comparable amount of time and money to defend. Shao further was forced to file a motion to dismiss. Shao might be entitled to Rule 11 sanction but Shao did not proceed. In comparison of what Shao suffered from Trustee's violations of Rule 12, i.e., about $60k, Shao should not be issued any monetary sanction for a TRO made without following the procedural safeguard.

Dated: September 22, 2005          Respectfully submitted,

                                   Linda Shao /s/

                                   _____
                                   Linda Shao

**SUPPORTING DECLARATION OF LINDA SHAO**

I, Linda Shao, declare that:

1. I am competent to testify if called as a witness. I have personal knowledge of the facts stated above or based on information and belief which I believe as true as well.

Case No. 01-45924 TD Chapter 7;Opposition to Motion for fees and costs

- 10 -

2. All factual statements above are true and accurate to the best of my knowledge. Attached is my letter to Ms. Stromsheim sent out on May 11 complaining about not being served and about the late service of the TRO and sample pages showing Ms. Stromsheim faxing to me the TRO **after 7:00 p.m.** of May 10, 2004.

I swear under the penalty of perjury under the laws of the U.S. that the foregoing is true and accurate. Executed on September 22, 2005.

Linda Shao /s/