

**Signed: April 05, 2007**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 01-45924 TD
                                         Chapter 7
MEDIA GROUP, INC.,

            Debtor.
_____/

**MEMORANDUM OF DECISION ON REMAND RE MOTION FOR SANCTIONS**

Lois I. Brady (the "Trustee"), the duly appointed chapter 7 trustee of the above-captioned estate, filed a motion seeking civil contempt sanctions against Linda Shao and the Law Office of Linda Shao (collectively "Shao") in the amount of $29,062.50 pursuant to 11 U.S.C. § 105(a). The Court issued a Memorandum of Decision on October 12, 2005 (the "2005 Decision"), granting the motion. Shao filed a notice of appeal from the 2005 Decision, and the appeal was heard by the Bankruptcy Appellate Panel ("BAP").

On November 14, 2006, the BAP issued its Memorandum decision (the "BAP Decision"), reversing in part, affirming in part, and vacating and remanding in part the 2005 Decision. Having now reconsidered the issues remanded to the Court, in light of the rulings made by the BAP, the Court again grants the Trustee's motion

for civil contempt sanctions against Shao but in the reduced amount of $26,663. The reasons for the Court's decision is set forth below.

**DISCUSSION**

**A.  BACKGROUND**

The facts giving rise to the motion for sanctions are set forth in the 2005 Decision and the BAP Decision and will not be repeated here. In brief, the Trustee sought sanctions against Shao for having issued a subpoena in a state court action directing Reidun Stromsheim ("Stromsheim"), the Trustee's attorney, to appear at a deposition and to produce documents. The state court action was based on acts performed long before the appointment of the Trustee and the employment of Stromsheim as her counsel. Shao admitted having issued the subpoena to investigate the Trustee's administration of the bankruptcy estate. The Court found that this constituted an improper litigation tactic. The BAP affirmed this ruling.

The Trustee also contended that Shao was required to obtain the Court's leave before issuing a subpoena directed to her attorney in connection with a lawsuit pending in another forum. The Court also agreed with this contention. The BAP reversed this holding. It also reversed the Court's holding that Shao had acted in bad faith, thus warranting sanctions, by repeatedly requesting continuances, filings pleadings late, and citing cases in oral argument not cited in her briefs. The BAP remanded the matter to the Court for reconsideration of the appropriate amount of sanctions, if any, based on the sole remaining ground: i.e., Shao's issuance of the state court subpoena for an improper purpose.

2

**B. DECISION ON REMAND**

The Court has reviewed the time sheets submitted by Stromsheim to eliminate any time spent in connection with the issues with respect to which the 2005 Decision was reversed. With respect to the issue of whether leave of court is required before initiating discovery against a bankruptcy trustee's counsel in connection with an action filed in a nonbankruptcy forum, the Court concluded that the following time entries and the resulting charges should be eliminated:

| Date | Atty | Description | Amount |
|------|------|-------------|--------|
| 5/4/04 | EM | reviewed TRO procedure and caselaw re: immunity from suit .6 @ $250/hr. | $ 150.00 |
| 5/18/04 | LS | Research re Barton doctrine .8 @ $325/hr. | 260.00 |
| | | Prepare letter to J. Erhlich re not a witness, including additional citations 1.1 @ $325/hr. | 357.50 |
| | EM | researched and reviewed caselaw re: leave to sue requirement for trustee's attorneys .6 @ $250/hr. | 150.00 |
| 5/21/04 | EM | researched caselaw re: trustee and immunity from discovery process outside bankruptcy court .7 @ $250/hr. | 175.00 |
| 5/24/04 | EM | researched federal caselaw re: immunity in discovery proceedings 1.2 @ $250/hr. | 300.00 |
| 6/2/04 | EM | reviewed caselaw re: leave to sue bankruptcy trustee in preparation of hearing on preliminary injunction and revised arguments re same | |
| 6/11/04 | EM | prepared opposition to Motion for Leave to Sue trustee .7 @ $250/hr. | 210.00 |
| 6/14/04 | EM | reviewed caselaw cited by Shao re judicial immunity (.4), revised opposition to shao Motion for Leave to take deposition (.7) 1.1 @ $275/hr. | 302.50 |

3

```
6/15/04  EM      reviewed and revised opposition
                 to Motion for leave to sue trustee
                 and count motion for partial
                 summary judgment (1.5), prepared
                 Notice of counter motion (.3)
                 1.8     @ 275                    495.00

                                   Total:   $2,399.50
```

The Court found no time entries to be eliminated based on the BAP's reversal of the Court's finding that Shao acted in bad faith by repeatedly requesting continuances, filing late, and citing cases in oral argument not mentioned in her briefs.  As the BAP noted, these bases for sanctions were not asserted by the Trustee and rather were raised by the Court *sua sponte* in the 2005 Decision.

In sum, the Court concludes that the amounts of the time entries noted above should be subtracted from the amount of the sanction previously imposed on Shao so that the amount of the sanctions is reduced to $26,663.  Counsel for the Trustee is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

4

COURT SERVICE LIST

Reidun Stromsheim
Stromsheim & Associates
201 California St., Ste. 350
San Francisco, CA 94111

Linda Shao
Law Offices of Linda Shao
20380 Town Center Lane, Ste. 218
Cuperetino, CA 95014

5